Martin, J.
delivered the opinion of the court. The object of this suit is the recovery of the possession of a tract of land, from which the plaintiff complains he was wrongfully ousted by the defendant. The latter pleaded the general issue.
At the trial, after the jury were sworn and issues submitted to them, the plaintiff prayed leave to add a plea of prescription, and submit the fact of the alleged posession to the jury. The district court allowed the plea to be entered, but refused to allow the fact of possession to be submitted to the jury; on which a bill of exceptions was taken.
*121 The jury found the issues for the defendant.
The plaintiff moved for a new trial, on the ground of new and material evidence discovered since, which he could not, by ordinary diligence, have discovered before—and on the ground that the verdict was contrary to evidence. He added to his own affidavit that of one W. Johnson, the person who had informed him of the new evidence.
The new trial was refused, and a bill of exceptions was taken.
The district court gave judgment, that the plaintiff be perpetually enjoined front asserting any claim to the premises and pay costs. The plaintiff appealed.
The parties agreed that a statement of facts should be made by the district judge, who promised to do it. Afterwards, being called upon for it, he answered he had lost his notes, and could make no statement.
It appears to us the district court erred, in perpetually enjoining the plaintiff from asserting any right to the premises. It is not clear that a defendant can obtain such an injunction, and, in the present case, it was not prayed for.
It is not the fault of the plaintiff, that the district judge mislaid his notes and was thus unable to make the statement he had promised, and which it was his duty to make; the plaintiff ought not to suffer from an accident which he could not control.
*122 If there was any possibility of a statement being made, we would issue a mandamus, as we did in the case of Broussart vs. Trahan's heirs, 3 Martin, 704, in which the district judge neglected to draw a bill of exceptions, which he had engaged to prepare.
With a statement of the evidence before the jury, we could ascertain whether the verdict be contrary thereto and whether the district court erred in refusing the new trial.
It certainly erred, in refusing to allow the possession, alleged in the plea of prescription, to be submitted to the jury.
For these reasons, and as it is not clear that the plaintiff could by ordinary diligence have discovered the evidence, mentioned in his affidavit, we are of opinion he ought to be relieved.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled voided and reversed, and that the case be remanded, for a new trial, with directions to the judge to allow the fact of possession to be submitted, and that the defendant and appellee pay the cost of this appeal.